**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SOUTHERN SNOW MFG. CO., INC.,** et al. | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-9170 c/w** <br> 09-3394 <br> 10-0791 <br> 11-1499 |
| **SNOWIZARD HOLDINGS, INC.,** et al. | **SECTION G(1)** |

## JUDGMENT ON JURY VERDICT

This matter came on for trial on the merits before the Court and a jury on February 19, 20, 21, 22, 25, 26, 27, and 28, 2013.

Present were:

>Mark E. Andrews, attorney for plaintiffs Plum Street Snoballs, Van's Snowballs, Theodore Eisenmann, and Special T Ice Co., Inc., plaintiffs and defendants-in-counterclaim Southern Snow Mfg. Co., Inc., Simeon, Inc., Snow Ingredients, Inc., Parasol Flavors, LLC, and Raggs Supply LP, and defendants-in-counterclaim Banister & Co., Inc., Milton G. Wendling, Jr., Doty Management LLC, and Julie K. Doty;

>and

>Jack E. Morris, Brad E. Harrigan, and Kenneth L. Tolar, attorneys for defendant and plaintiff-in-counterclaim SnoWizard, Inc. and plaintiff-in-counterclaim Ronald R. Sciortino.

On February 28, 2013, the jury returned a verdict on all remaining claims and counterclaims. After considering the jury's verdict, the Court renders judgment accordingly as follows:

1. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiffs Plum Street Snoballs, Van's Snowballs, Theodore Eisenmann, Special T Ice Co., Inc., Southern Snow Mfg. Co., Inc., Simeon, Inc., Snow Ingredients, Inc., Parasol Flavors, LLC, and Raggs Supply LP regarding their claim against defendant SnoWizard, Inc. in Civ. Action No. 11-1499 for false patent marking under 35 U.S.C. § 292(b), and their claim is hereby DISMISSED WITH PREJUDICE.

2. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiffs Plum Street Snoballs, Van's Snowballs, Theodore Eisenmann, Special T Ice Co., Inc., Southern Snow Mfg. Co., Inc., Simeon, Inc., Snow Ingredients, Inc., Parasol Flavors, LLC, and Raggs Supply LP regarding their claim against defendant SnoWizard, Inc. in Civ. Action No. 11-1499 for invalidity and unenforceability of U.S. Pat. No. 7,536,871 ("Icemaker with Improved Cam Assembly") under 35 U.S.C. § 102(b) (the on-sale bar), and their claim is hereby DISMISSED WITH PREJUDICE.

3. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiffs Plum Street Snoballs, Van's Snowballs, Theodore Eisenmann, Special T Ice Co., Inc., Southern Snow Mfg. Co., Inc., Simeon, Inc., Snow Ingredients, Inc., Parasol Flavors, LLC, and Raggs Supply LP regarding their claim against defendant SnoWizard, Inc. in Civ. Action No. 11-1499 for invalidity and unenforceability of U.S. Pat. No. 7,536,871 ("Icemaker

with Improved Cam Assembly") under 28 U.S.C. § 2201(a) and 37 CFR § 1.137(b), and their claim is hereby DISMISSED WITH PREJUDICE.

   4. IT IS ORDERED, ADJUDGED, AND DECREED that judgment be rendered against plaintiffs Plum Street Snoballs, Van's Snowballs, Theodore Eisenmann, Special T Ice Co., Inc., Southern Snow Mfg. Co., Inc., Simeon, Inc., Snow Ingredients, Inc., Parasol Flavors, LLC, and Raggs Supply LP regarding their claim against defendant SnoWizard, Inc. in Civ. Action No. 11-1499 for invalidity and unenforceability of U.S. Pat. No. 7,543,459 ("Leg Support Assembly for an Icemaker") under 28 U.S.C. § 2201(a) and 37 CFR § 1.137(b), and their claim is hereby DISMISSED WITH PREJUDICE.

   5. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of the plaintiff Plum Street Snoballs on its claim against defendant SnoWizard, Inc. in Civ. Action No. 11-1499 under Lanham Act §§ 43(a) and 35, 15 U.S.C. §§ 1125(a) and 1117, regarding the unregistered trademark ORCHID CREAM VANILLA declaring that Plum Street Snoballs owns a valid and enforceable trademark for the unregistered term ORCHID CREAM VANILLA; that SnoWizard used a reproduction, counterfeit, copy or colorable imitation of the trademark ORCHID CREAM VANILLA in a manner that was likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, sponsorship, or approval of such product; that Plum Street Snoballs suffered actual damages as a result of SnoWizard's use of the trademark ORCHID CREAM VANILLA in the amount of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS; that Plum Street Snoballs is also awarded damages for lost profits gained from the infringement of the trademark ORCHID CREAM VANILLA in the amount of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS; that SnoWizard had a willful intent

to deceive as to the use of trademark ORCHID CREAM VANILLA, and that SnoWizard's conduct was unethical, oppressive, unscrupulous, or deceptive, and the plaintiffs are entitled to "the costs of the action,"[1] together with legal interest from the date of judicial demand until paid.

      6.    IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiff Parasol Flavors, LLC on its claim against defendant SnoWizard, Inc. in Civ. Action No. 09-3394 under Lanham Act §§ 43(a) and 35, 15 U.S.C. §§ 1125(a) and 1117, regarding the unregistered trademark SNOW SWEET, and its claim is hereby DISMISSED WITH PREJUDICE.

      7.    IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiff Parasol Flavors, LLC on its claim against defendant SnoWizard, Inc. in Civ. Action No. 09-3394 for fraudulent procurement and cancellation of the registered trademark SNOSWEET under Lanham Act §§ 37 and 38, 15 U.S.C. §§ 1119 and 1120, and its claim is hereby DISMISSED WITH PREJUDICE.

      8.    IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiffs Plum Street Snoballs, Van's Snowballs, Theodore Eisenmann, Special T Ice Co., Inc., Southern Snow Mfg. Co., Inc., Simeon, Inc., Snow Ingredients, Inc., Parasol Flavors, LLC, and Raggs Supply LP regarding their claims against defendant SnoWizard, Inc. in Civ. Action No. 11-1499 under Clayton Act §§ 4 and 16, 15 U.S.C. §§ 15 and 26, Sherman Antitrust Act § 2, 15 U.S.C. § 2, Louisiana antitrust law, La. R.S. 51:123, and Texas antitrust law, Tex. Bus. & Com. Code § 15.05, for false patent marking of the entire ice-shaving machine, invalidity of U.S. Pat. No. 7,543,459 and U.S. Pat. No. 7,536,871, infringement of plaintiffs' claimed

---

[1] Costs are to be submitted to the Court for review pursuant to Fed. R. Civ. P. 54 and Local Rule 54.

trademarks ORCHID CREAM VANILLA and SNOW SWEET, and fraudulent assertion of rights in the trademarks ORCHID CREAM VANILLA, SNOSWEET, SNOBALL, SNOBALL MACHINE, HURRICANE, MOUNTAIN MAPLE, BUTTER-CREAM, BUTTERED POPCORN, CAKE BATTER, CAJUN RED HOT, COOKIE DOUGH, DILL PICKLE, GEORGIA PEACH, KING CAKE, MUDSLIDE, PRALINE, and WHITE CHOCOLATE & CHIPS, and their claims are hereby DISMISSED WITH PREJUDICE.

9. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiffs Plum Street Snoballs and Van's Snowballs on their claim against defendant SnoWizard, Inc. in Civ. Action No. 11-1499 for invalidity and unenforceability of the registered trademark WHITE CHOCOLATE & CHIPS under 28 U.S.C. § 2201(a), and their claim is hereby DISMISSED WITH PREJUDICE.

10. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiffs Southern Snow Mfg. Co. Inc., Parasol Flavors, LLC, Plum Street Snoballs, and Van's Snowballs on plaintiff Southern Snow Mfg. Co., Inc.'s claim in Civ. Actions Nos. 09-3394 and 10-791, plaintiff Parasol Flavors, LLC's claim in Civ. Action No. 09-3394, and plaintiffs Plum Street Snoballs and Van's Snowballs' claim in Civ. Action No. 11-1499 against defendant SnoWizard, Inc. under La. R.S. 51:219(4) for cancellation of SnoWizard, Inc.'s Louisiana registrations of MOUNTAIN MAPLE, SNOSWEET, and WHITE CHOCOLATE & CHIPS, and their claims are hereby DISMISSED WITH PREJUDICE.

11. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiff Parasol Flavors, LLC on its claim against defendant SnoWizard, Inc. in Civ.

Action No. 09-3394 for damages under La. R.S. 51:221 regarding SnoWizard's Louisiana registered trademark SNOSWEET, and its claim is hereby DISMISSED WITH PREJUDICE.

12. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiffs Simeon, Inc. and Southern Snow Mfg. Co., Inc., on their claim against defendant SnoWizard, Inc. in Civ. Action No. 11-1499 under Lanham Act §§ 43(a) and 35, 15 U.S.C. §§ 1125(a) and 1117, for trademark infringement regarding the term SNOBALL, and their claim is hereby DISMISSED WITH PREJUDICE.

13. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against plaintiff Southern Snow Mfg. Co., Inc., on its claims against defendant SnoWizard, Inc. in Civ. Action No. 06-9170 for unfair competition under Lanham Act §§ 43(a) and 35, 15 U.S.C. §§ 1125(a) and 1117, unfair trade practices under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405 *et seq.*, and damages under La. C.C. art. 2315 as a result of SnoWizard's alleged "false claims of having invented and/or originated the snowball, the snowball machine, the snowball 'industry,' and various snowball flavors," and its claims are hereby DISMISSED WITH PREJUDICE.

15. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered against defendant SnoWizard, Inc., and its claim that plaintiffs Southern Snow Mfg. Co., Inc.'s and Simeon, Inc.'s claims against defendant SnoWizard, Inc. in Civ. Actions Nos. 06-9170, 09-3394, 10-791, and 11-1499 for unfair trade practices under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405 *et seq.*, were groundless, brought in bad faith, or were brought for the purposes of harassment is hereby DISMISSED WITH PREJUDICE.

16. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of defendant SnoWizard, Inc., declaring that plaintiffs Southern Snow Mfg., Co., Inc.'s and Simeon, Inc.'s claims against defendant SnoWizard, Inc. for infringement of the term SNOBALL were groundless, brought in bad faith, or were brought for purposes of harassment.

17. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of SnoWizard, Inc. regarding SnoWizard, Inc.'s claims against Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. in Civ. Action No. 10-0791 under Lanham Act § 32, 15 U.S.C. § 1114, Louisiana Trademark Law, La. R.S. 51:222, and the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405 *et seq.*, for infringement of SnoWizard, Inc.'s registered trademark CAJUN RED HOT; and declaring that SnoWizard, Inc. owns a valid and enforceable federally registered trademark in CAJUN RED HOT; that Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. used a reproduction, counterfeit, copy, or colorable imitation of the trademark CAJUN RED HOT in a manner that was likely to cause confusion or to cause mistake, or to deceive as to the source, origin, sponsorship, or approval of such product; and that SnoWizard, Inc. is entitled to recover from Southern Snow Mfg. Co. the profits gained from the infringement of the trademark CAJUN RED HOT in the amount of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS, together with legal interest from the date of judicial demand until paid; it is further declared that Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. willfully infringed the trademark CAJUN RED HOT and that Southern Snow Mfg. Co., Inc.'s and Snow Ingredients, Inc.'s conduct was unethical, oppressive, unscrupulous, or deceptive as to their use of the trademark CAJUN RED HOT and SnoWizard, Inc. is entitled to "the costs of the action."[2]

---

[2] Costs are to be submitted to the Court for review pursuant to Fed. R. Civ. P. 54 and Local Rule 54.

18.     IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of SnoWizard, Inc. on its claims against Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. in Civ. Action No. 10-0791 under Lanham Act § 32, 15 U.S.C. § 1114, Louisiana Trademark Law, La. R.S. 51:222, and the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405 *et seq.*, for infringement of SnoWizard, Inc.'s registered trademark WHITE CHOCOLATE & CHIPS, and declaring that SnoWizard, Inc. owns a valid and enforceable federally registered trademark in WHITE CHOCOLATE & CHIPS; that Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. used a reproduction, counterfeit, copy, or colorable imitation of the trademark WHITE CHOCOLATE & CHIPS in a manner that was likely to cause confusion or to cause mistake, or to deceive as to the source, origin, sponsorship, or approval of such product; and that SnoWizard, Inc. is entitled to recover from Southern Snow Mfg. Co. the profits gained from the infringement of the trademark WHITE CHOCOLATE & CHIPS in the amount of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS, together with legal interest from the date of judicial demand until paid; it is further declared that Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. willfully infringed the trademark WHITE CHOCOLATE & CHIPS and that Southern Snow Mfg. Co., Inc.'s and Snow Ingredients, Inc.'s conduct was unethical, oppressive, unscrupulous, or deceptive as to their use of the trademark WHITE CHOCOLATE & CHIPS and SnoWizard, Inc. is entitled to "the costs of the action."[3]

19.     IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of SnoWizard, Inc. on its claims against Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. in Civ. Action No. 10-0791 under Lanham Act § 32, 15 U.S.C. § 1114,

---

[3] Costs are to be submitted to the Court for review pursuant to Fed. R. Civ. P. 54 and Local Rule 54.

Louisiana Trademark Law, La. R.S. 51:222, and the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405 *et seq.*, for infringement of SnoWizard, Inc.'s registered trademark MOUNTAIN MAPLE, and declaring that SnoWizard, Inc. owns a valid and enforceable federally registered trademark in MOUNTAIN MAPLE; that Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. used a reproduction, counterfeit, copy, or colorable imitation of the trademark MOUNTAIN MAPLE in a manner that was likely to cause confusion or to cause mistake, or to deceive as to the source, origin, sponsorship, or approval of such product; and that SnoWizard, Inc. is entitled to recover from Southern Snow Mfg. Co., Inc. the profits gained from the infringement of the trademark MOUNTAIN MAPLE in the amount of TWO HUNDRED AND NO/100 ($200.00) DOLLARS, together with legal interest from the date of judicial demand until paid; it is further declared that Southern Snow Mfg. Co., Inc. and Snow Ingredients, Inc. willfully infringed the trademark MOUNTAIN MAPLE and that Southern Snow Mfg. Co., Inc.'s and Snow Ingredients, Inc.'s conduct was unethical, oppressive, unscrupulous, or deceptive as to their use of the trademark MOUNTAIN MAPLE and that SnoWizard, Inc. is entitled to "the costs of the action."[4]

20. IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of SnoWizard, Inc. on its claims against Parasol Flavors, LLC in Civ. Action No. 09-3394 under Lanham Act § 32, 15 U.S.C. § 1114, Louisiana Trademark Law, La. R.S. 51:222, and the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405 *et seq.*, for infringement of SnoWizard, Inc.'s registered trademark SNOSWEET, and declaring that Parasol Flavors, LLC owns a valid and enforceable federally registered trademark in SNOSWEET; that Parasol Flavors, LLC used a

---

[4] Costs are to be submitted to the Court for review pursuant to Fed. R. Civ. P. 54 and Local Rule 54.

reproduction, counterfeit, copy, or colorable imitation of the trademark SNOSWEET in a manner that was likely to cause confusion or to cause mistake, or to deceive as to the source, origin, sponsorship, or approval of such product; and that SnoWizard, Inc. is entitled to recover from Parasol Flavors, LLC the profits gained from the infringement of the trademark SNOSWEET in the amount of ONE HUNDRED AND NO/100 ($100.00) DOLLARS, together with legal interest from the date of judicial demand until paid; it is further declared that Parasol Flavors, LLC willfully infringed the trademark SNOSWEET and that Parasol Flavors, LLC's conduct was unethical, oppressive, unscrupulous, or deceptive as to their use of the trademark SNOSWEET and SnoWizard, Inc. is entitled to "the costs of the action."[5]

21.    IT IS ORDERED, ADJUDGED AND DECREED that judgment is rendered in favor of SnoWizard, Inc. and Ronald R. Sciortino on their claims against Southern Snow Mfg. Co., Inc., Banister & Co., Inc., and Milton G. Wendling, Jr. in Civ. Action No. 11-1499 under the Patent Act, 35 U.S.C. § 1 *et seq.*, for infringement of SnoWizard, Inc. and Ronald R. Sciortino's U.S. Pat. No. 7,536,871 ("Icemaker with Improved Cam Assembly"), and declaring that Southern Snow Mfg. Co., Inc., Banister & Co., Inc., and Milton G. Wendling, Jr. knowingly and willfully directly infringed, induced infringement of, and contributorily infringed the '871 patent, declaring that Milton G. Wendling, Jr. is personally liable for inducing Southern Snow Mfg. Co., Inc. and Banister & Co., Inc. to infringe the '871 patent, and awarding a reasonable royalty in favor of SnoWizard, Inc. and against Southern Snow Mfg. Co., Inc. and Milton G. Wendling, Jr., jointly and solidarily, in the sum of ONE HUNDRED TWO THOUSAND AND

---

[5] Costs are to be submitted to the Court for review pursuant to Fed. R. Civ. P. 54 and Local Rule 54.

NO/100 ($102,000.00) DOLLARS, together with legal interest from the date of judicial demand until paid.

  22. IT IS ORDERED, ADJUDGED AND DECREED that judgment is rendered against SnoWizard, Inc. and Ronald R. Sciortino on their claims against Raggs Supply LP, Doty Management LLC, and Julie K. Doty in Civ. Action No. 11-1499 under the Patent Act, 35 U.S.C. § 1 *et seq.*, for infringement of SnoWizard, Inc. and Ronald R. Sciortino's U.S. Pat. No. 7,536,871 ("Icemaker with Improved Cam Assembly"), and their claims are hereby DISMISSED WITH PREJUDICE.

  **NEW ORLEANS, LOUISIANA**, this  5th  day of March, 2013.

            **NANNETTE JOLIVETTE BROWN**
            **UNITED STATES DISTRICT JUDGE**